IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MICHAEL GLEAN,

    Petitioner,

vs.

JOHNNY SIKES, Warden,

    Respondent.

CIVIL ACTION NO.: CV598-017

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Michael Glean ("Glean"), who is currently incarcerated at Johnson State Prison in Wrightsville, Georgia, filed a Rule 60(b)(4) Motion. Respondent filed a Response, as amended. For the reasons which follow, Glean's Motion should be **DENIED**.

## STATEMENT OF THE CASE

Glean was convicted of one count of malice murder after a jury trial in Ware County Superior Court in May 1992. Glean filed a motion for a new trial in June 1992, which was amended and supplemented by a motion for appointment of appellate counsel in 1995. Both of these motions were denied in October 1996. Glean's conviction and sentence were affirmed by the Georgia Supreme Court in 1997. Glean v. State, 268 Ga. 260, 486 S.E.2d 172 (1997). Glean filed his petition for writ of habeas corpus in this case in 1998. On July 31, 1998, the undersigned issued a Report in

which he recommended that Glean's petition for writ of habeas corpus be denied on the merits.[1] (Doc. No. 11, p. 2). The Honorable William T. Moore, Jr., adopted the Report and Recommendation as the opinion of the Court, and Glean's request for habeas relief was denied on October 29, 1998. (Doc. No. 16). Glean filed an appeal with the Eleventh Circuit Court of Appeals. That Court determined that Glean made a claim that he was denied his right to appellate counsel on direct appeal from his conviction in violation of the Sixth Amendment, a claim not addressed in the undersigned's Report and Recommendation. (CV598-17, Doc. No. 34). The Eleventh Circuit remanded the petition for further findings on that claim.

On remand, Respondent filed a Motion to Dismiss, asserting that Glean failed to raise his Sixth Amendment claim at the state habeas corpus level, and thus, Glean failed to exhaust his state remedies prior to pursuing his petition as required by 28 U.S.C. § 2254(b). The undersigned issued a Report wherein he recommended that Glean's petition be dismissed for failure to exhaust his state remedies; Judge Moore adopted the Report as the opinion of the Court by Order dated September 27, 2001. (Doc. Nos. 45 and 48). Glean filed an appeal with the Eleventh Circuit. The Eleventh Circuit affirmed this Court's dismissal of Glean's petition on August 28, 2002. (Doc. No. 53). The United States Supreme Court denied certiorari on March 10, 2003. Glean v. Sikes, 538 U.S. 913 (2003).

---

[1] In his first habeas petition, Glean asserted as the first enumeration of error his claim that he was denied a full and fair hearing on his Fourth Amendment claims. In his Answer, Respondent "specifically contest[ed] exhaustion as to" this claim because Glean failed to raise this claim in the Georgia courts. (Doc. No. 7, p. 3, ¶ 3). Respondent suggested that "rather than dismiss this petition for lack of exhaustion, . . . this Court could find that Petitioner's allegation fails to state a claim for federal habeas corpus relief. . . . Respondent reserves the right to contest exhaustion should Petitioner attempt to raise additional claims." (Id). It is evident that Respondent did not expressly waive exhaustion as a defense to the allegations contained in Glean's first petition, including Glean's allegation that his Sixth Amendment right to counsel was violated.

2

More than ten and a half years after the Supreme Court's denial of certiorari and twelve years after this Court denied Glean's requested relief, Glean filed this Rule 60(b)(4) Motion. Glean contends that this Court's judgment should be voided because Respondent committed a fraud upon the Court by asserting that the claim before this Court on remand—that he was denied assistance of appellate counsel—was unexhausted. Glean asserts that this Court did not follow the Eleventh Circuit's directive to address the merits of this claim.

Respondent asserts that Glean's Motion should be denied. Respondent contends that Glean raised his denial of appellate counsel claim in <u>Glean v. Battle</u>, CV505-84, and this Court determined that Glean's petition was untimely filed and he was not entitled to equitable tolling. (CV505-84, Doc. Nos. 14, 17). Respondent also contends that Glean's Rule 60(b)(4) Motion is nothing more than his attempt to avoid the applicable statute of limitations period and the gatekeeping provisions for successive federal petitions.

## DISCUSSION AND CITATION TO AUTHORITY

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [because]... the judgment is void." FED. R. CIV. P. 60(b)(4). "Generally, a judgment is void under [Rule] 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." <u>Harris v. Corr. Corp. of Amer.</u>, 332 F. App'x 593, 594 (11th Cir. 2009) (alteration in original) (citation omitted). A movant who raises a claim pursuant to 28 U.S.C. § 2244(b), i.e., "an asserted federal basis for relief from a state court's judgment of conviction[,]" cannot proceed with a Rule

3

60(b) motion as a way to avoid the restrictions applicable to second or successive habeas petitions.[2] Franqui v. Fla., 638 F.3d 1368, 1371 (11th Cir. 2011). "[A] Rule 60(b) motion can be appropriate where a petitioner does not assert, or reassert, claims of error in [his] state conviction. For example, a 60(b) motion can properly be used just to assert[ ] that a previous ruling which precluded a merits determination was in error, or just to attack some defect in the integrity of the federal habeas proceedings[.]" Id. (internal citations omitted) (alterations in original). However, "[a] motion under Rule 60(b) must be made within a reasonable time[.]" FED. R. CIV. P. 60(c)(1).

Assuming without deciding that Glean's claimed error in this federal habeas corpus proceeding permits him to proceed pursuant to Rule 60(b), Glean is not entitled to any relief. Glean does not deny that he was aware of the undersigned's finding that this Court deemed his denial of appellate counsel claim unexhausted, and there is nothing before the Court indicating that Glean was not aware of this determination. Glean did not file this Rule 60(b)(4) Motion until October 18, 2013, which was more than twelve (12) years after the undersigned recommended the denial of Glean's § 2254

---

[2] A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

4

AO 72A
(Rev. 8/82)

petition and Judge Moore adopted that recommendation in this case. Glean's Rule 60(b)(4) Motion was not filed within a reasonable time of the final judgment he seeks to attack, pursuant to Rule 60(c)(1). In addition, there is nothing indicating that this Court lacked jurisdiction over this petition or the parties or that this Court acted in contravention of due process principles. In fact, the Eleventh Circuit upheld this Court's determination that Glean had not exhausted his denial of appellate counsel claim.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Glean's Rule 60(b)(4) Motion be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 13th day of December, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)